# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARVANT FINANCIAL LLC, <br><br> Plaintiff, <br><br> v. <br><br> CARVANA CO. and CARVANA, LLC, <br><br> Defendants. | Case No. 2:21-cv-05136 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Carvant Financial LLC ("Carvant" or "Plaintiff"), by and through its undersigned counsel, hereby alleges as follows for its Complaint against Defendants Carvana Co. and Carvana, LLC (collectively, "Carvana" or "Defendants"):

## Introduction

1. This is an action for trademark infringement of Carvant's CARVANT trademark, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq.*; injury to business reputation and deceptive trade practices under New York statutory law; and trademark infringement and unfair competition under New York common law.

2. Carvant provides credit and loan services for purchasing and selling automobiles. Carvant provides those services under the CARVANT trademark (U.S. Reg. No. 3,907,376) (the "CARVANT Mark"), for which it has held a registered trademark with the United States Patent and Trademark Office ("USPTO") since 2010. Carvant has used the CARVANT Mark continuously and prominently since 2010 as its flagship brand, and the mark has achieved incontestable status.

3. Carvana sells automobiles to consumers and delivers purchased vehicles to customers' residences or through "car vending machines." Carvana also provides financing

services to its customers to purchase automobiles. Carvana provides its automobile financing services under the CARVANA word and design trademarks (collectively, the "CARVANA Marks").

4. Carvana is willfully infringing the senior CARVANT Mark by providing automobile financing services under the confusingly similar CARVANA Marks. Due to Carvana's aggressive marketing and the growth of its financing business, in recent years consumer awareness and confusion has rapidly escalated to the point where Carvant's business and brand are being seriously harmed. Carvana's use of the CARVANA Marks has caused rampant actual confusion among consumers, causing consumers to mistakenly file complaints against Carvant intended for Carvana; mistakenly report Carvana as the lienholder with insurance carriers when Carvant was the true lienholder, or vice versa; and otherwise mistakenly attribute Carvant's business to Carvana. Indeed, the auto dealerships to whom Carvant provides services have paid Carvana instead of Carvant. Even Carvana's own employees have become confused and mistakenly made payoffs to Carvant for which Carvana was the lienholder. Defendants are further causing unfair competition and false designation of origin by leading consumers to believe that Carvana is the source of Carvant's services and/or that Carvant is an unauthorized infringer of Carvana's junior marks, thereby damaging Carvant's reputation. For the same reasons, Carvana is liable for injury to Carvant's business reputation and deceptive trade practices under New York law. As a result, Carvant brings this action for federal and state trademark infringement, unfair competition, false designation of origin, injury to business reputation, and deceptive trade practices.

**The Parties**

5. Plaintiff Carvant Financial LLC is a limited liability company organized under the laws of Delaware, with its principal place of business at 6851 Jericho Turnpike, Suite 245, Syosset, New York 11791.

6. Upon information and belief, Defendant Carvana Co. is a corporation incorporated under the laws of Delaware, with its principal place of business at 1930 W. Rio Salado Parkway, Tempe, Arizona 85281.

7. Upon information and belief, Defendant Carvana, LLC is a limited liability company organized under the laws of Arizona, with its principal place of business at 1930 W. Rio Salado Parkway, Tempe, Arizona 85281.

**Jurisdiction and Venue**

8. This Court has original jurisdiction over this Complaint for infringement of a trademark, unfair competition, false designation of origin pursuant to 15 U.S.C. § 1121(a), as well as 28 U.S.C. § 1331 (Federal Question Jurisdiction); 28 U.S.C. § 1337(a) (Commerce Regulations); and 28 U.S.C. § 1338(b) (Trademark and Unfair Competition).

9. This Court has jurisdiction over all pendant state law claims pursuant to 28 U.S.C. § 1367(a) (Supplemental Jurisdiction) because all such claims are based upon the same or substantially the same conduct by Defendants.

10. Defendants are subject to personal jurisdiction in this Court, as they have transacted business in this District and State by marketing, offering to sell, selling, and delivering goods and services, including automobile financing services, in connection with one or more of the CARVANA Marks within the State of New York and this judicial district. Defendants have

therefore carried out their business and committed tortious acts and other wrongs within New York and this judicial district.

11. For example, in connection with the CARVANA Marks, Defendants market, offer for sale, sell, and deliver vehicles and, upon information and belief, provide financial services related to those vehicles directly to consumers located in at least Brooklyn, Queens County and surrounding localities in this judicial district.[1] Since 2018, Defendants have also marketed, offered for sale, sold, and delivered vehicles and, upon information and belief, provided financial services related to those vehicles to consumers located in New York City.[2] And since 2019, Defendants have provided goods and services, including automobile financing services, in connection with the CARVANA Marks to consumers located in and around Rochester, Buffalo, Syracuse, Binghamton, and Albany, New York.[3]

12. Upon information and belief, Defendant Carvana Co. has been registered to conduct business in the State of New York since at least 2016, and Defendant Carvana, LLC has been registered to conduct business in the State of New York since at least 2018.

13. The Eastern District of New York is the proper venue for this action pursuant to 28 U.S.C. § 1391(a) and (b), because a substantial part of the events giving rise to this action occurred in this judicial district.

---

[1] Carvana, Used Cars for Sale in Queens, NY (Aug. 23, 2021), https://www.carvana.com/cars/in-queens-ny; Carvana, Used Cars for Sale in Brooklyn, NY (Aug. 23, 2021), https://www.carvana.com/cars/in-brooklyn-ny.
[2] Carvana, Carvana's New Way to Buy a Car is Now the NYC Way to Buy a Car (Sept. 20, 2018), https://investors.carvana.com/news-releases/2018/09-20-2018-105955786.
[3] Carvana, Carvana Rapidly Expands in the State of New York (Jan. 30, 2019), https://investors.carvana.com/news-releases/2019/01-30-2019-110018551.

**Carvant and its Protected Trademark**

14. Carvant provides credit and financing services for the purchasing or selling of vehicles through a network of automobile dealerships (the "CARVANT Services"). Specifically, Carvant purchases retail installment contracts, or car "notes," from dealerships and services the contracts issued to customers of those dealerships. Carvant provides its services, in part, through a customer portal and dealership portal on its website, <carvant.com>.

15. Carvant provides the CARVANT Services primarily to consumers with subprime credit scores, giving those consumers the opportunity to purchase a reliable vehicle while improving their credit.

16. Founded in 2010, the market for the CARVANT Services has expanded beyond New York and currently comprises the states of Connecticut, Delaware, Florida, Maryland, Massachusetts, Michigan, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, and Virginia.

17. Since its founding in 2010, Carvant has been using the CARVANT Mark as a word and design mark continuously in connection with the CARVANT Services. The CARVANT Mark designates Carvant as the source, provider, licensor, or sponsor of the goods and services with which the Mark is attached.

18. To protect its interest in the CARVANT Mark, Carvant has obtained and maintained a registration on the primary register of the USPTO for the following CARVANT Mark:



(U.S. Reg. No. 3,907,376)

19. The CARVANT Mark is registered in International Class 36 in connection with "credit and loan services for purchasing, leasing, and selling vehicles."

20. The USPTO issued a registration certificate for the CARVANT Mark on January 18, 2011, and the Mark has since achieved incontestable status. The registration of the CARVANT Mark is therefore conclusive evidence of the Mark's validity, of Carvant's registration and ownership of the Mark, and of Carvant's exclusive right to use the CARVANT Mark in the United States. A true and correct copy of the registration certificate for the CARVANT Mark is attached as **Exhibit A**.

21. Carvant consistently and prominently displays and advertises the CARVANT Mark as its flagship brand in connection with the CARVANT Services in the United States.

22. In addition to its registration, Carvant enjoys common law rights in the CARVANT Mark through its extensive advertisement and use of that Mark in connection with its services continuously across the United States since at least 2010.

23. Carvant uses the CARVANT Mark to provide automobile credit and financing services, including online services through its website. These services have allowed tens of thousands of consumers with poor credit histories to purchase reliable vehicles and improve their credit scores.

### Defendants' CARVANA Marks

24. Carvana operates a website at the domain <carvana.com>, through which it advertises, offers, and sells vehicles. Consumers purchasing a vehicle from Defendants can either collect the vehicle at one of Defendants' "car vending machines" or have the vehicle delivered to their residences.

25. Carvana's customers can finance their vehicle purchase through financing offered by and obtained from Carvana.

26. Defendants provide financing services for purchasing automobiles (the "CARVANA Financial Services") under and in connection with the word mark CARVANA and the following design mark:

# CARVANA

(collectively, the "CARVANA Marks").

27. Carvana, LLC claims to be the owner of the CARVANA Marks. Upon information and belief, Carvana, LLC is an indirect subsidiary of Carvana Co. and under Carvana Co.'s direction and control. Carvana Co. also exercises control over the nature and quality of the goods and services sold under the CARVANA Marks, including the CARVANA Financial Services, and the use of those Marks inures to Carvana Co.'s benefit.

28. The CARVANA Marks and the CARVANT Mark are nearly identical and confusingly similar in sight, sound, and commercial impression, with only one letter (replacing "T" with an "A") difference between them.

29. The CARVANT Services and the CARVANA Financial Services also both involve providing financing to consumers to purchase vehicles.

30. Upon information and belief, members of Carvana's Board of Directors were aware of Carvant Financial LLC and its business since its inception.

31. Upon information and belief, Carvana adopted the infringing CARVANA Marks and used them in connection with the Carvana Financial Services despite knowing that Carvant was already using the CARVANT Mark with the CARVANT Services.

## Defendants' Infringement of the CARVANT Mark

32. Carvana advertises the CARVANA Financial Services to consumers with "bad credit."[4]

33. Carvana also provides the CARVANA Financial Services to consumers through its website.

34. Therefore, Carvant and Carvana both advertise, offer and provide their services to purchasers and prospective purchasers of automobiles with poor credit histories. Both parties also use their websites to market to and provide services to their respective customers. There is therefore significant overlap between the relevant trade and public and the channels of trade for the CARVANT Services and the CARVANA Financial Services.

35. Carvana's Financial Services business has grown substantially within the last several years.

36. In conjunction with this recent growth, Carvana has also aggressively marketed the CARVANA Mark and engaged in extensive consumer advertising.

37. Due to the recent expansion in the size of CARVANA Financial Services and Carvana's escalating advertising and marketing using the CARVANA Mark, consumer confusion between the CARVANT Mark and the CARVANA Marks has become constant.

38. For example, since approximately February 2019, Carvant has received numerous emails and phone calls from consumers who mistakenly believed they were contacting Carvana regarding its financial services.

---

[4] Carvana, Frequently Asked Financing Questions (Aug. 23, 2021), https://www.carvana.com/learn-financing ("If I have bad credit, can I still finance my purchase through Carvana? Yes, as long as you are 18 or older, make at least $4k per year, and have no active bankruptcies.").

39. Carvant has also received lienholder notices from automobile insurance companies addressed to "Carvana Financial LLC" at Carvant's business address, when in fact the notice should have been issued to Carvana, as depicted in these non-limiting examples:



40. Upon information and belief, as shown by the below non-limiting example, Carvant customers have also incorrectly reported Carvana as the lienholder on their automobile insurance policies, or vice versa, which impedes Carvant's ability to receive any insurance payouts in the event of a total loss of the customers' vehicles:

9



41. Consumers have also filed complaints against Carvant before the Consumer Financial Protection Bureau when those complaints were in fact directed at Carvana, resulting in the false attribution to Carvant of negative consumer reviews of Carvana, as shown in the following example:

10

```
210318-6253131
Primary consumer information

FULL NAME                              PHONE
[redacted]                             [redacted]
EMAIL ADDRESS                          ADDRESS
[redacted]                             [redacted]

Methods of identification provided by the consumer
LOAN NUMBER
Order number 11188741

Product information

PRODUCT OR SERVICE                     CONSUMER IDENTIFIED COMPANY NAME
Vehicle loan or lease (Loan)           CARVANT FINANCIAL LLC
ISSUE
Getting a loan or lease
Credit denial

NEW OR USED?
Used

What happened

I applied for a car loan with Carvana LLC but I was victim of source of income discrimination.
They argued that my income doesn't count as income just because I'm 1099 self employed.
They actually stated that my income from Shipt or Grubhub is not an income.
ALREADY ATTEMPTED TO FIX THIS ISSUE WITH THE COMPANY?
Yes
ATTACHMENTS
7E6AC642-D4A6-4D8D-BF04-BE3927361D9F.png (1.2 MB)

Download all attachments
```

42. This constant actual confusion amongst consumers and the exponential growth of Carvana in the automobile financing industry have made it untenable for Carvant to continue operating under the CARVANT Mark, as the consuming public has come to believe that Carvant is merely an extension of, or one and the same as, Carvana and not an independent source of automobile financing services.

43. The confusion created by Defendants' use of the CARVANA Marks has required Carvant to divert employee hours and financial resources to respond to consumer calls and complaints, identify and correct mistaken lienholder information on customer insurance policies, and otherwise address disruptions caused by customer and prospective customer confusion.

44. Carvant's ability to effectively advertise and market its services has also been impeded by Carvana's ubiquity, as the consuming public is likely to attribute Carvant's marketing to Carvana, thereby reducing the efficacy of that marketing and hindering Carvant's ability to obtain new customers.

45. Because the CARVANT Services are Carvant's primary source of revenue, the mistaken belief of the relevant trade and public, including customers and prospective customers of Carvant, that Defendants are the true source of the CARVANT Services has impeded Carvant's ability to sustain and grow its business under the CARVANT trademark.

46. Upon information and belief, car dealerships have not and are unlikely to continue to do business with Carvant due to its perceived connection to Carvana, a direct competitor.

47. Because of this significant overlap in customers and channels of trade and the confusing similarity between the CARVANT Mark and the CARVANA Marks, and due to Carvana's aggressive marketing and the rapid expansion of the CARVANA Financial Services in recent years, customers and prospective customers have come to falsely believe that Carvant is the junior user of the parties' marks rather than the true senior user; believe that Carvant is associated or one and the same with Carvana; and even believe that Carvant is in fact preying on and misusing the CARVANA name.

48. Carvant has not authorized Defendants' use in commerce, either directly or indirectly, of Defendants' CARVANA Marks. Carvant has no affiliation with Defendants.

49. Defendants' use of the CARVANA Marks has caused, or is likely to cause, great and irreparable injury to Carvant, including irreparable injury to the goodwill and reputation embodied in the CARVANT Mark, for which Carvant has no adequate remedy at law.

50. On the other hand, upon information and belief, Carvana's infringing activities have been highly profitable for Carvana.

51. In the second quarter of 2021, "36% of the company's gross profit" came from the resale of automobile loans by Carvana, while "[r]etail sales accounted for 39% of gross profit per unit, Carvana's preferred earnings measure."[5] The CARVANA Financial Services contributed significantly to Carvana's first quarterly net profit of $45 million in the second quarter of 2021, as well as the $3.336 billion in revenue, $552 million in gross profit, and $112 million in earnings before interest, taxes, depreciation, and amortization (EBITDA) that Carvana reported for the same period.[6]

52. In total, Carvana's gross profits for the second quarter of 2021 increased 268% year over year, and Carvana's net profit increased to $45 million from a $106 million loss in the same quarter of 2020. Carvana also sold 107,815 vehicles in the second quarter of 2021, nearly double those sold in the same quarter of 2020.

53. In line with this exponential growth, in the first half of 2021, Carvana also doubled its sales of automobile loans over the first half of 2020, selling approximately $3.1 billion worth of loans to securitization trusts and other investors.

54. The escalating infringement by Carvana has caused harm to Carvant.

55. Upon information and belief, Defendants will continue to commit the acts complained of unless enjoined.

---

[5] Kristin Broughton & Margot Patrick, *Carvana's Success Rides on Used-Car Loans*, Wash. Post (Aug. 15, 2021), https://www.wsj.com/articles/carvanas-success-rides-on-used-car-loans-11629019801?st=klas93d17apypv0&amp; reflink=article_imessage_shar.
[6] *Id.*

13

56. Upon information and belief, Defendants' acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for or willful blindness to Carvant's rights in the CARVANT Mark.

57. The willful nature of Defendants' unlawful acts renders this an "exceptional case," entitling Carvant to an award of statutory damages, profits, treble damages, and attorneys' fees under at least 15 U.S.C. § 1117(a).

## COUNT I
### Federal Trademark Infringement under the Lanham Act (15 U.S.C. § 1114)

58. Plaintiff Carvant hereby incorporates by reference all preceding paragraphs as though expressly stated herein.

59. Defendants are using the CARVANA Marks in commerce in connection with the CARVANA Financial Services.

60. The CARVANT Mark has priority over the CARVANA Marks.

61. Defendants' actions, including without limitation providing auto financing services or within the natural zone of expansion of auto financing services and the goods and services within, have caused and are likely to cause confusion, mistake, or deception as to the source of origin of the services offered by Carvant in connection with the CARVANT Mark, in that customers and potential customers are likely to believe that Defendants are the true origin of the CARVANT Services.

62. In addition, Defendants' actions likely will lead the consuming public to mistakenly believe that Carvant is an unauthorized infringer of the CARVANA Marks, impairing Carvant's goodwill and injuring its reputation.

63. As a direct and proximate result of the likely confusion, mistake, or deception, Carvant has suffered and will continue to suffer irreparable harm if Defendants' conduct is not enjoined.

64. The likely confusion, mistake, or deception caused by Defendants is willful and is in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

**COUNT II**
**Federal Unfair Competition & False Designation of Origin (15 U.S.C. § 1125(a))**

65. Plaintiff Carvant hereby incorporates by reference all preceding paragraphs as though expressly stated herein.

66. Defendants' use of the CARVANA Marks constitutes use of terms, names, symbols, and devices, and use of false designations of origin, all of which are likely to cause confusion, mistake, or deception as to the source of origin of the services provided by Carvant in connection with the CARVANT Mark, in that customers and potential customers are likely to believe that Defendants are the true origin of the CARVANT Services and that Carvant is the unauthorized infringer of the CARVANA Marks.

67. As a direct and proximate result of the likely confusion, mistake, or deception, Carvant has suffered and will continue to suffer irreparable harm if Defendants' conduct is not enjoined.

68. The likely confusion, mistake, or deception caused by Defendants is willful and is in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
### Injury to Business Reputation (N.Y. Gen. Bus. L. § 360-l)

69. Plaintiff Carvant hereby incorporates by reference all preceding paragraphs as though expressly stated herein.

70. Defendants' use of the CARVANA Marks in connection with the CARVANA Financial Services has injured and continues to injure the business of Carvant, including but not limited to by dilution and tarnishment, in violation of New York General Business Law § 360-l.

71. Carvant has been and continues to be damaged by Defendants' acts, both reputationally and financially.

72. As a direct and proximate result of the likely confusion, mistake, or deception, Carvant has suffered and will continue to suffer irreparable harm if Defendants' conduct is not enjoined.

## COUNT IV
### Deceptive Trade Practices (N.Y. Gen. Bus. L. § 349)

73. Plaintiff Carvant hereby incorporates by reference all preceding paragraphs as though expressly stated herein.

74. Defendants' use of the CARVANA Marks in connection with credit and financial services related to automobiles are deceptive and misleading, as they suggest Defendants are the only, or otherwise exclusive, source for services identical or confusingly similar to those provided by Carvant.

75. As a direct and proximate result of the likely confusion, mistake, or deception, Carvant has suffered and will continue to suffer irreparable harm if Defendants' conduct is not enjoined.

76. Defendants' conduct is willful and is in violation of New York General Business Law § 349.

## COUNT V
## Common Law Trademark Infringement and Unfair Competition

77. Plaintiff Carvant hereby incorporates by reference all preceding paragraphs as though expressly stated herein.

78. This cause of action arises under the State of New York's common law of trademark infringement and unfair competition.

79. Defendants' use of the CARVANA Marks constitutes trademark infringement and unfair competition in violation of common law.

80. Upon information and belief, Defendants' acts of common law trademark infringement and unfair competition have been done willfully and deliberately, and Defendants have profited and been unjustly enriched by sales that Defendant would not have otherwise made if not for its unlawful conduct.

81. Defendants' willful and deliberate acts described above have caused injury and damages to Carvant, and have caused irreparable injury to Carvant's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Carvant has no adequate remedy at law.

## Prayer for Relief

**WHEREFORE**, Carvant prays for judgment against Defendants as follows:

A. Preliminarily and permanently enjoining and restraining Defendants, their directors, members, officers, agents, servants, employees, parents, subsidiaries, affiliates, and all

persons in active concert or participation with, through, or under it, at first during the pendency of this action and thereafter perpetually:

    i.    from committing any acts of trademark infringement and unfair competition, and from implying a false designation of origin or a false description or representation with respect to the CARVANT Mark;

    ii.    from using in any manner the CARVANA Marks, or any other marks, words, or names that are confusingly similar thereto, on packaging, labels, signs, literature, display cards, Internet website, or other packaging, advertising, or promotional materials, or other materials;

    iii.    from using any designation that is likely to disparage, tarnish or dilute the distinctive quality of the CARVANT Mark.

B.    Requiring that Defendants deliver to Carvant any and all containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way unlawfully use or make reference to the CARVANA Marks.

C.    Requiring that Defendants, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Carvant's counsel a written report under oath setting forth details of the manner in which Defendants have complied with the Court's order pursuant to paragraphs A through B above.

D.    Requiring Defendants to account and pay over to Carvant all damages sustained by Carvant as a result of Defendants' willful infringement and unfair competition, including Carvant's actual damages, disgorgement of Defendants' profits in the amount of at least $552 million, Carvant's attorney's fees and costs, and ordering that the amount of damages awarded

Carvant be increased three times the amount thereof pursuant to 15 U.S.C. §§ 1117(a) and 1125 and New York General Business Law § 349(h).

      E.      Ordering that Carvant recover the costs of this action, together with reasonable attorney's fees and prejudgment interest in accordance with 15 U.S.C. § 1117 and applicable state laws.

      F.      Awarding Carvant such other and further relief as this Court deems just and proper.

Dated this 15th day of September 2021.

                                    Respectfully submitted,

                                    */s/ Adam T. Simons*
                                    Adam T. Simons (N.Y. Bar No. 4980280)
                                    McGuireWoods LLP
                                    1251 Avenue of the Americas
                                    20th Floor
                                    New York, NY 10020-1104
                                    Phone: 410-659-4417
                                    Fax: 410-659-4484
                                    asimons@mcguirewoods.com

                                    *Counsel for Carvant Financial LLC*