# Ballard Spahr LLP

1675 Broadway, 19th Floor  
New York, NY 10019-5820  
TEL 212.223.0200  
FAX 212.223.1942  
www.ballardspahr.com

Michael P. Robotti  
Tel: 646.346.8020  
Fax: 212.223.1942  
robottim@ballardspahr.com

November 19, 2021

*Filed Via CM/ECF*

Hon. Arlene R. Lindsay  
United States Magistrate Judge  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722

> Re:  Carvant Financial LLC v. Carvana Co. (Case No. 2:21-cv-05136 (JMA)(ARL))

Dear Judge Lindsay:

Defendants Carvana Co. and Carvana, LLC respectfully request that the Court (1) stay this proceeding pending the outcome of Plaintiff Carvant Financial, LLC's motion to dismiss or to transfer a related case, which is presently pending in another federal district court and (2) extend the time for Defendants to answer or otherwise respond to Plaintiff's complaint until 14 days after the Court lifts the stay.  Plaintiff does not oppose the request for an extension of Defendants' response deadline.  In the interest of judicial economy and to avoid unnecessary motions practice, Plaintiff also does not oppose the request for a stay pending the outcome of Plaintiff's motion to dismiss in a related case.  However, in consenting, Plaintiff does not waive any arguments regarding the propriety of the above-captioned action proceeding regardless of the outcome of the motion pending in the related case.

I.  Background

Plaintiff filed the above-captioned action for trademark infringement on September 15, 2021 (the "New York Action").  On Plaintiff's request, Defendants waived service of the summons.  Accordingly, Defendants' answer or motion addressing the complaint is presently due on November 23, 2021.

Before Plaintiff filed the New York Action, on August 20, 2021, Carvana, LLC (Defendant in this action) filed a complaint against Carvant Financial, LLC (Plaintiff in this action) in the U.S. District Court for the Northern District of Georgia ("the Georgia Action").  In the Georgia Action, Carvana, LLC seeks a declaration of non-infringement and laches over the same trademark that Plaintiff asserts against Defendants here.  Plaintiff moved to dismiss

the Georgia Action for lack of personal jurisdiction or, alternatively, for a transfer of venue to this Court. Accordingly, the Northern District of Georgia will decide whether the Georgia Action proceeds as filed, is dismissed or is transferred here. Should the Georgia Action proceed, Defendants will seek to dismiss or transfer the New York Action as an improper second-filed action over the same dispute, involving the same operative facts.

II.     The Court Should Grant the Instant Motions

Until the Northern District of Georgia issues a final ruling on the motion to dismiss or to transfer the Georgia Action, Defendants' request, with Plaintiff's consent, that the Court stay this action, in the interest of efficiency and judicial economy. The Court has "inherent power . . . 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Trikona Advisors Ltd. v. Chuang*, No. 12-cv-3886, 2013 U.S. Dist. LEXIS 40382, \*\*5-6 (Mar. 20, 2013 E.D.N.Y.) *quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Accordingly, it is within the Court's "sound discretion . . . to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *Id.*, at \*6.

Here, regardless of the outcome, the final ruling on the motion pending in the Georgia Action is likely to affect the New York Action. Should the Northern District of Georgia grant Plaintiff's motion to dismiss, it will obviate the need for Defendants to seek to dismiss the New York Action as an improper second-filed action. Should the Northern District of Georgia deny Plaintiff's motion to dismiss, only then will this Court need to address, upon Defendants' motion, whether the New York Action should proceed. Finally, should the Northern District of Georgia grant Plaintiff's transfer motion, a stay in the interim here will ensure that the New York Action and the transferred Georgia Action proceed in unison. Thus, a stay of the New York Action pending a final ruling on Plaintiff's motion to dismiss or to transfer the Georgia Action will serve the interests of efficiency and economy.

In light of the foregoing, Defendants' also request, with Plaintiff's consent, an extension of time to answer or otherwise respond to the complaint until 14 days after the Court lifts the requested stay.[1]

III.    Conclusion

For the reasons set forth above, the Court should grant the instant motions to (1) stay this proceeding pending the outcome of Plaintiff's motion to dismiss or to transfer presently

---

[1] In the event this Court denies the stay request, Defendants' request an extension of their time to answer or otherwise respond to the complaint until 14 days after the denial.

pending in the Northern District of Georgia and (2) extend the time for Defendants to answer or otherwise respond to Plaintiff's complaint until 14 days after the Court lifts the stay.

Respectfully,

Michael P. Robotti

MR/sm

Cc: Attorneys for Plaintiff
Adam T Simons
Lucy Jewett Wheatley
Matthew G Rosendahl