# Ballard Spahr
LLP

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Michael Robotti
Tel: 646.346.8020
Fax: 212.223.1942
robottiM@ballardspahr.com

April 7, 2022

*Filed Via CM/ECF*

Hon. Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

      Re:    Carvant Financial LLC v. Carvana Co. (No. 2:21-cv-05136 (JMA) (ARL))

Dear Judge Azrack:

We write on behalf of Defendants Carvana Co. and Carvana, LLC (collectively, "Defendants"), pursuant to Rule IV.B of Your Honor's Individual Rules to respectfully request a pre-motion conference regarding Defendants' intended motion to dismiss the Complaint under Rule 12(b)(6) in the above-captioned action. We understand that, in accordance with Rule IV.B of Your Honor's Individual Rules, the submission of this letter preserves Defendants' time to answer or otherwise respond to the complaint. The parties have met and conferred, and Plaintiff has agreed to dismiss all claims against Carvana Co. without prejudice and to dismiss Count IV without prejudice (deceptive trade practices under N.Y. Gen. Bus. L. § 349).

This case involves Plaintiff Carvant Financial's extraordinarily delayed objections to Defendants' CARVANA marks and related incontestable registrations (collectively, the "CARVANA Marks"). Despite nearly a decade of co-existence on the Principal Register and the absence of any objection from Plaintiff or the US Patent and Trademark Office ("USPTO") regarding the CARVANA Marks, Plaintiff now brings claims under federal and state law to prevent Defendants from operating under the CARVANA Marks and to disgorge Defendants' duly-earned profits. Delay aside, Plaintiff's New York causes of action fail to state a claim and are time-barred. Specifically, Plaintiff fails to state a claim under the two causes of action under New York law, namely, (i) Count III for injury to business reputation under N.Y. Gen. Bus. L. § 360-l and (ii) Count V for trademark infringement and unfair competition under New York common law. Moreover, its statutory claim in Count III is barred by the statute of limitations.

***First***, Count III, which asserts a state law dilution or tarnishment claim, should be dismissed because Plaintiff does not plead that its mark has the requisite extreme strength for protection under § 360-I. *See Welch Allyn, Inc. v. Tyco Int'l Servs. AG*, 200 F. Supp. 2d 130, 150 (N.D.N.Y. 2002) (dismissing a claim under § 360-I, where "Plaintiff ha[d] not shown that its [asserted] mark possesses a distinctive quality capable of dilution"); *see also Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1049 (2d Cir. 1992) (this statute protects "only extremely strong marks") (citation omitted). But Plaintiff admits that it (i) offers its services to and through a limited network of auto dealerships in only thirteen states, *see* Compl. ¶¶ 14, 16; and (ii) has offered its services to only "tens of thousands of consumers" with subprime credit scores in the niche market of "consumers with poor credit histories." *Id.* at ¶¶ 15, 23. Moreover, Plaintiff also fails to plead facts sufficient to support its conclusory allegation of tarnishment. *See Sly Magazine, L.L.C. v. Weider Publs. L.L.C.,* 529 F. Supp. 2d 425, 444 (S.D.N.Y. 2007) (dismissing a claim under § 360-1, because "[t]here is no allegation that defendants' [good or service] is of shoddy quality"); *Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586, 603 (E.D.N.Y. 2017) (requiring a likelihood of dilution by tarnishment). Plaintiff merely pleads that consumer confusion—not any consumer perception of the quality of Carvana's services—makes it "untenable for Carvant to continue operating under the CARVANT Mark." Compl. ¶ 42. There is no allegation to substantiate a theory that Carvana's incredibly popular and successful business somehow tarnished Plaintiff's niche financial services business.

***Second***, Count III is not legally viable for the separate and additional reason that it is untimely pursuant to the statute's three-year limitations period, which began running September 15, 2018. Plaintiff's claim under § 360-I arises from the services offered under the CARVANA Marks, which began at the latest on February 28, 2013, when Carvana filed a statement of use and specimen with the USPTO[1] (the same website specimen that Plaintiff now asserts is infringing in its Complaint). As those USPTO records show, Carvana has been widely and continuously using the CARVANA Marks for 9+ years, its word mark is incontestable, and it became a publicly-traded company in 2017, more than three years prior to suit. Even the alleged activity specific to New York is beyond the three year limitation: Plaintiff alleges that "Carvana, LLC has been registered to conduct business in the State of New York since at least 2018." Compl. ¶ 12. In fact, Carvana LLC was publicly issued a license to conduct business in New York on June 28, 2018, of which this Court can take judicial notice. *Goldman v. Barrett*, No. 15 CIV. 9223 (PGG), 2017 U.S. Dist. LEXIS 117339, at *1, n.3 (S.D.N.Y. July

---

[1] This Court can take judicial notice of USPTO applications and registrations, *see N. Am. Olive Oil Ass'n v. D'Avolio Inc.*, 457 F. Supp. 3d 207, 219-20 (E.D.N.Y. 2020) (collecting cases)), as well as the entirety of the "USPTO trademark database," *see Duckett v. Ramela Distrib.*, No. 11 Civ. 9532, 2012 U.S. Dist. LEXIS 136441, at *1 (S.D.N.Y. Sept. 18, 2012).

25, 2017), *aff'd*, 733 F. App'x 568 (2d Cir. 2018). This business registration, issued months before the three-year window of the limitations period, was a clear indication that Carvana intended to enter New York. Indeed, on September 14, 2018 (more than three years prior to the filing of Plaintiff's complaint), Carvana publicly tweeted: "We are bringing something exciting to New York on 9/20 – follow along for details."[2] Accordingly, even measuring the limitation period against just New York-specific activity, Plaintiff's statutory claim is time barred.

***Finally***, Count V, which asserts a violation of common law trademark infringement and unfair competition, should be dismissed because Plaintiff fails to plead verifiable facts supporting its conclusory allegations that Carvana acted in bad faith. Bad faith is a required element of a claim for unfair competition under New York law, s*ee Empresa Cubana Del Tabaco v. Culbro Corp.*, 399 F.3d 462, 485 (2d Cir. 2005), but Plaintiff's conclusory allegations that Carvana acted willfully or in bad faith, *see* Compl.¶¶ 4, 56, 80, without pleading any verifiable facts, are legally insufficient. The single explicit pleading of bad faith in the Complaint reads: "Upon information and belief, Defendants' acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for or willful blindness to Carvant's rights in the CARVANT Mark." Compl. ¶ 56. Though Plaintiff is free to plead facts alleged upon information and belief, "such allegations must be accompanied by a statement of the facts upon which the belief is founded." *Munoz-Nagel v. Guess, Inc.*, No. 12-1312, 2013 U.S. Dist. LEXIS 61710, at *3 (S.D.N.Y. Apr. 30, 2013) (quotation and citation omitted). No such facts of bad faith are alleged by Plaintiff. And, any allegation of bad faith would be implausible and futile given the facts recited in the several news reports that Plaintiff incorporated by reference, *see* Compl., fn. 2-5, which disclose, for example, that Carvana was founded a decade ago, is a publicly-traded company, and sold thousands of cars under the CARVANA Marks; futility of amendment is further shown by Carvana's USPTO records showing good faith, incontestable and continuous use. *See Field Enters. Educ. Corp. v. Cove Indus.*, No. 66-C-742, 1969 U.S. Dist. LEXIS 14003, at *7-8 (E.D.N.Y. Feb. 14, 1969) (continuous use by the defendant characterized as "no evidence suggesting bad faith").

We respectfully request the Court schedule a pre-motion conference, set a briefing schedule, and grant the motions as detailed herein.

---

[2] As with business registrations and USPTO records, this Court can take judicial notice of public tweets on a motion to dismiss. *See Nat'l Acad. of TV Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, No. 20-CV-7269 (VEC), 2021 U.S. Dist. LEXIS 142733, *2, n.2 (S.D.N.Y. July 30, 2021) ("The Court also takes judicial notice of the two tweets and two videos . . because the tweets and videos are publicly available.").

Sincerely,

Michael P. Robotti

MR/sm

Cc: Attorneys for Plaintiff
Adam T Simons
Lucy Jewett Wheatley
Matthew G Rosendahl