McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Lucy Jewett Wheatley
Direct: 804.775.4320

**McGUIREWOODS**

lwheatley@mcguirewoods.com

April 14, 2022

**Filed via CM/ECF**

The Honorable Joan M. Azrack
United States District Judge
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Carvant Financial LLC v. Carvana, LLC* (No. 2:21-cv-05136-JMA-ARL)

Dear Judge Azrack:

      We write on behalf of Plaintiff Carvant Financial LLC ("Carvant") pursuant to Rule IV.B of Your Honor's Individual Rules, and in response to the pre-motion letter filed by Defendant Carvana, LLC ("Carvana") on April 7, 2022 (the "Carvana Letter"),[1] in which Carvana seeks a pre-motion conference and briefing schedule to file a motion to dismiss Count III (Injury to Business Reputation) and Count IV (Common Law Trademark Infringement and Unfair Competition) of Carvant's Complaint (ECF 1). For the reasons set forth below, each of Carvana's arguments for dismissal lacks merit under well-established precedent, and its arguments should be denied without further briefing by the parties.

      *First*, Carvana argues that Carvant's claim in Count III for injury to business reputation under New York General Business Law § 360-l should be dismissed for failure to plead sufficient strength of the CARVANT Mark. (Carvana Ltr., ECF 21 at 2.) However, Carvana completely overlooks that under § 360-l, "the plaintiff's mark need not be famous or celebrated." *Uber Inc. v. Uber Techs., Inc.*, 521 F. Supp. 3d 455, 468 (S.D.N.Y. 2021). Instead, "distinctiveness for the purpose of trademark dilution claims under New York state law has been equated with the strength of a mark for infringement purposes." *Id.* at 469 (internal quotations and citations omitted). To that end, when a plaintiff identifies a valid registration and continuous use of an incontestable trademark, the mark is presumptively distinctive under § 360-l. *See Lacura, Inc. v. Masas U.S.A., Inc.*, No. 15-3101-SJF-AKT, 2016 WL 11481722, at *11 (E.D.N.Y. Feb. 9, 2016) (internal quotations and citations omitted), *adopted*, 2016 WL 843291 (E.D.N.Y. Mar. 1, 2016).

---

[1] Although Carvana issued the Carvana Letter on behalf of both Carvana, LLC and Carvana Co., the parties have agreed to dismiss, and the Court has dismissed, all claims against Carvana Co. without prejudice (ECF 22, 23), so Carvant addresses its response to only Carvana, LLC's arguments for dismissal.

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

Here, Carvant has sufficiently alleged distinctiveness. For one, Carvant alleged that it has owned and used the CARVANT Mark since at least 2010 in connection with credit and loan services for purchasing and selling vehicles. (Compl. ¶¶ 14-17.) Carvant also obtained and maintains an incontestable registration for the CARVANT Mark, which acts as conclusive evidence of the Mark's validity. (Compl. ¶¶ 18-21, ex. A.) The incontestable status, validity, and continuous use of the CARVANT Mark creates the presumption that the Mark is distinctive under § 360-l, and thus Carvant has plausibly alleged distinctiveness under Count III. *Lacura, Inc.*, 2016 WL 11481722, at *11; *see also CJ Prods. LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 151 (E.D.N.Y. 2011) (collecting cases).

***Second***, Carvana's argument that Carvant has not alleged dilution by tarnishment of the CARVANT Mark under § 360-l is similarly inapt. For one, Carvana may dilute the CARVANT Mark by either blurring ***or*** tarnishment, and Carvant need not allege tarnishment to survive a motion to dismiss. *See Lacura*, 2016 WL 11481722, at *11 ("New York's dilution statute 'has been interpreted to provide for protection against both dilution by blurring and tarnishment.'" (citation omitted)). Here, Carvant has alleged injury to its business reputation by both dilution through blurring and/or tarnishment of the CARVANT Mark. (Compl. ¶ 70.) Carvana does not challenge Carvant's claim based on blurring, so its attempt to dismiss Count III based solely on failure to allege tarnishment falls flat.

In any case, regardless of the dilution theory, Carvant has alleged more than sufficient facts supporting its claims in Count III. Indeed, "stating a claim pursuant to New York law requires 'only a mere likelihood of dilution . . . .'" *See Lacura*, 2016 WL 11481722, at *11 (citation omitted). To that end, dilution by blurring occurs when a junior user's use of a mark is likely to impair the distinctiveness of the senior user's mark, while dilution by tarnishment occurs when a junior user's use is likely to "harm the reputation of the senior user." *See Uber Inc.*, 521 F. Supp. 3d at 469. Courts have also found allegations that a junior user has saturated the market sufficient to state a claim for dilution. *Id.* Ultimately, whether a senior mark has been diluted by either blurring or tarnishment is a "fact-intensive, context-specific analysis" not appropriate for resolution on a motion to dismiss. *Id.*

Here, Carvant alleges that Carvana's saturation of the same market as Carvant has caused actual confusion and reduced the efficacy of Carvant's marketing and its ability to sustain its business (Compl. ¶¶ 28-46); that Carvant's reputation among automobile dealerships has been impaired by its false association with Carvana, with whom the dealerships compete (*id.* ¶ 46); and that consumers have publicly complained about Carvant's services to government regulators based on Carvana's conduct (*id.* ¶¶ 41, 47). These allegations are more than sufficient to a state a claim for dilution by either blurring or tarnishment, as they establish that Carvana's saturation of the parties' overlapping market with its junior marks is likely to impair (and has in fact impaired) the distinctiveness of the CARVANT Mark, and that Carvana's use of its marks is likely to tarnish (and has in fact tarnished) Carvant's reputation through false attribution to Carvant of Carvana's allegedly unsavory conduct. There is therefore no basis to dismiss Count III for failure to state a claim, and Carvana's motion should be denied without further briefing.

***Third***, Carvana argues that Count III is barred by the three-year statute of limitations on actions under § 360-l.  However, Carvana's argument ignores that New York courts have recognized trademark dilution claims as continuous torts, meaning the statute of limitations does not bar claims for dilution alleged to have occurred within the three-year limitations period.  *See De Medici v. Lorenzo De Medici, Inc.*, 475 N.Y.S.2d 391, 392-93 (N.Y. Sup. Ct. App. Div. 1984).  As Carvana concedes in its letter, the Complaint alleges numerous and continuous acts of dilution and injury to Carvant's business reputation within the past three years, all of which are actionable as continuous torts under § 360-l.  (Carvana Ltr., at 2-3; *e.g.*, Compl. ¶¶ 38-47.)  There is therefore no basis to dismiss Count III under the statute of limitations.

***Finally***, Carvana seeks to dismiss Carvant's common law trademark infringement and unfair competition claim (Count V) for failure to allege bad faith.  But again, Carvana's arguments are nonstarters.  First, Carvana is incorrect that its use of an incontestable trademark establishes good faith, as courts in this District have recognized that "even an incontestable registrant" is capable of bad faith.  *Haggar Int'l Corp. v. United Co. for Food Indus. Corp.*, 906 F. Supp. 2d 96, 106 (E.D.N.Y. 2012) (citing *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.,* 324 U.S. 806, 814 (1945)).  Merely using an incontestable mark therefore says nothing about whether that use was in good faith.  Similarly, the fact that Carvana has been in business for several years and claims to be a successful company does not mean it is not capable of unfairly competing with Carvant in bad faith—Carvana conflates doing well with doing good.

Instead, "[i]n trademark cases, where the defendant is aware of the existence of the plaintiff's mark and uses it in violation of unfair competition law, courts infer bad faith." *WM Int'l, Inc. v. 99 Ranch Market #601*, 329 F.R.D. 491, 499 (E.D.N.Y. 2019) (internal quotations and citations omitted).  "To that end, when the junior user has prior knowledge of the senior's mark and the marks are so close as to infer copying courts find the defendant has acted in bad faith." *Id.*; *see also Peek & Cloppenburg KG v. Revue, LLC*, No. 11-CV-5967-DAB, 2012 WL 4470556, at *6 (S.D.N.Y. Sept. 19, 2012) (where plaintiff "pled that [defendant] knew of [plaintiff's] mark and continued to infringe" plaintiff's unfair competition claim was sufficient to survive a motion to dismiss).  And in the case cited by Carvana—*Field Enters. Edu. Corp. v. Cove Indus., Inc.*—the court in fact found that the defendant's conduct "***undoubtedly*** constituted unfair competition." No. 66-C-742, 1969 WL 9573, at *7 (E.D.N.Y. Feb. 14, 1969) (emphasis added).  Here, as in *WM International, Inc.*, Carvant has alleged that it has continuously used the CARVANT Mark since 2010, before Carvana existed (Compl. ¶ 16); that the CARVANT Mark is distinctive and prominent (*id.* ¶¶ 20-21); that the CARVANT Mark and CARVANA Marks are nearly identical, with only one letter difference (*id.* ¶ 28); and that Carvana knew about Carvant since its inception and adopted the CARVANA Marks despite that knowledge (*id.* ¶¶ 30-31).  Contrary to Carvana's assertion, these allegations provide more than a sufficient factual basis to allege that Carvana acted in bad faith.  Its proposed motion to dismiss Count V should therefore be denied.

For the foregoing reasons, Carvant respectfully requests that the Court treat the Carvana Letter as a motion to dismiss and deny the motion in full.

        Sincerely,

        */s/ Lucy Jewett Wheatley*
        Lucy Jewett Wheatley (*pro hac vice*)
        Matthew G. Rosendahl (*pro hac vice*)
        McGuireWoods LLP
        800 East Canal Street
        Richmond, VA 23219
        Tel: (804) 775-4320
        Fax: (804) 698-2017
        Email: lwheatley@mcguirewoods.com
        Email: mrosendahl@mcguirewoods.com

        Adam T. Simons (N.Y. Bar No. 4980280)
        McGuireWoods LLP
        500 East Pratt Street
        Suite 1000
        Baltimore, MD 21202-3169
        Tel: (410) 659-4417
        Email: asimons@mcguirewoods.com

        *Attorneys for Carvant Financial LLC*

cc: Michael P. Robotti
    Brian W. LaCorte
    Marjorie J. Peerce
    Jonathon A. Talcott
    Lawrence K. Nodine