# Exhibit A

August 17, 2022

**Filed via CM/ECF**
The Honorable Joan M. Azrack
United States District Judge
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

**Re: <u>Carvant Financial LLC v. Carvana Co. (No. 2:21-cv-05136 (JMA) (ARL))</u>**

Dear Judge Azrack:

Defendant Carvana, LLC submits this additional argument in support of Defendant's positions for dismissal of Count III of the Complaint.

New York's anti-dilution statute, N.Y. Gen. Bus. L. § 360-l, is unconstitutional under the First and Fourteenth Amendments. "[G]overnment has no power to restrict expression because of its message, its ideas, its subject matter, or its content. " *United States v. Stevens*, 559 U.S. 460, 468 (2010). *To wit:* the Lanham Act's prohibition on registering disparaging trademarks constitutes viewpoint discrimination in violation of the First Amendment. *Matal v. Tam*, 137 S. Ct. 1744 (2017). New York's statutory ban on trademark dilution so too violates the First Amendment. Specifically, the prohibition against "[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark . . . *notwithstanding the absence of competition between parties or the absence of confusion as to the source of goods or services*," § 360-l (emphasis added), departs from the core consumer protection justification for trademark law to avoid confusion, and instead singles out and suppresses non-confusing speech based on content and viewpoints.

New York's anti-dilution law is unconstitutionally and unjustifiably viewpoint-based. Indeed, a violation occurs only when nonconfusing speech harms the reputation of a mark, but not when nonconfusing speech reinforces the dignity of the mark. *See Starbucks Corp. v. Wolfe's Burough Coffee Inc.*, 588 F.3d 97, 111 (2d Cir. 2009). Like the disparagement bar struck down in *Tam*, § 360-l creates a "happy-talk" rule inconsistent with the First Amendment. *Tam*, 137 S. Ct. at 1765 (Alito, J.); *Wandering Dago, Inc. v. Desitio*, 879 F.3d 20, 32 (2d Cir. 2018) ("mandating positivity" in trademarks is viewpoint-based even outside of registration context). The statute is also impermissibly content-based. An entity's commercial speech is unlawful only if its similarity to a mark causes association with that mark and that association has the likely effect of harming the mark's reputation or diminishing its distinctiveness. This necessitates an inquiry into the content of the speech and enacts an impermissible structural tilt against a speaker's non-confusing message. In fact, this statute imposes an even greater restriction than the unconstitutional disparagement bar in *Tam*, for the statute denies more than *additional* rights (federal registration), *see Iancu v. Brunetti*, 139 S. Ct. 2294, 2303 (2019), but rather entire uses of non-confusing speech. Further, the government lacks a constitutionally sufficient interest to ban dilution, and the statute is impermissibly vague. This issue, similar to an ongoing federal challenge, deserves briefing.

Accordingly, we respectfully request that the Court allow Defendant to include in its motion to dismiss Count III of the Complaint the argument that N.Y. Gen. Bus. L. § 360-l is unconstitutional.

Respectfully,

*/s/ Marjorie J. Peerce*
Michael P. Robotti
robottim@ballardspahr.com
Marjorie J. Peerce
peercem@ballardspahr.com
Ballard Spahr LLP
1675 Broadway
New York, NY 10019
Phone:  (646) 346-8020
Fax:  (212) 223-1942

Brian W. LaCorte
lacorteb@ballardspahr.com
Ballard Spahr LLP
1 E. Washington St., #2300
Phoenix, AZ 85004
Phone:   (602) 798-5400
Fax:  (602) 798-5590
*Attorneys for Defendants*

cc: All Counsel of Record