August 23, 2022

**Filed via CM/ECF**
The Honorable Joan M. Azrack
100 Federal Plaza
Central Islip, New York 11722
Re:     *Carvant Financial LLC v. Carvana, LLC* (No. 2:21-cv-05136-JMA-LGD)

Dear Judge Azrack:

Carvant opposes Carvana's request that it be permitted to raise an additional challenge to dismiss Count III of the Complaint under the First and Fourteenth Amendments.

First, Carvana's arguments are untimely under Fed. R. Civ. P. 12(g), which states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Under Your Honor's Rules, a pre-motion letter under Rule 12 "shall constitute timely service of the motion." Thus, Carvana's Rule 12(b)(6) motion was filed as of its April 7, 2022 pre-motion letter. Dkt. 21. Carvana cannot now raise an additional Rule 12(b)(6) challenge four months later, and Carvana's failure to appreciate the arguments it now raises does not mean it could not have raised them.

Second, Carvana's First Amendment arguments can and should be avoided under principles of constitutional avoidance. "It is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions." *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 149-50 (2d Cir. 2001). Here, the Court can render a decision on Carvant's claims without reaching the constitutional challenge belatedly raised by Carvana. Carvant's unchallenged federal trademark infringement claim in Count I provides for the same relief as Count III, and judgment on the former will obviate a ruling on the constitutionality of the latter. *Compare* 15 U.S.C. § 1117, *with* N.Y. Gen. Bus. L. § 360-m. Moreover, the anti-dilution statute is not unconstitutional at least as applied to Carvana. The Court should therefore avoid ruling on Carvana's challenge at this juncture.

Finally, Carvana's constitutional challenge lacks merit. *See Between the Lines Prods., LLC v. Lions Gate Ent. Corp.*, No. CV 14-00104-R, 2014 WL 12569354, at *2 (C.D. Cal. June 10, 2014) (holding "[party's] claim that protection of trademarks against tarnishment is unconstitutional is baseless and contradicted by extensive precedent."). Carvant's tarnishment claim is not based on any viewpoint expressed by Carvana's infringing mark. Instead, Carvana's use of its mark as a source identifier has the effect of disparaging Carvant through Carvant's mistaken association with Carvana, regardless of any viewpoint Carvana conveys through that use. Thus, the dilution statute is distinguishable from the provision at issue in *Tam*, which specifically required the government to decide whether a trademark expressed a disparaging viewpoint. Nor is the anti-dilution statute content-based, as the primary concern of the statute is not to target specific content, but to promote consumer confidence in their purchasing decisions, as well as the distinctiveness of, and trademark owners' investments in, their brands. Thus, irrespective of the content of Carvana's speech, the statute's "overriding" concerns are content-neutral, and any impact on specific speech "is purely incidental" to those concerns, making the statute content-neutral. *See Univ. City Studios, Inc. v. Reimerdes*, 111 F. Supp. 2d 294, 329-330 (S.D.N.Y. 2000). For at least these reasons, Carvana's additional challenge lacks merit and should be rejected along with its timely filed arguments.

Sincerely,

*/s/ Lucy Jewett Wheatley*
Lucy Jewett Wheatley (*pro hac vice*)
Matthew G. Rosendahl (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2017
Email: lwheatley@mcguirewoods.com
Email: mrosendahl@mcguirewoods.com

Adam T. Simons (N.Y. Bar No. 4980280)
MCGUIREWOODS LLP
500 East Pratt Street
Suite 1000
Baltimore, MD 21202-3169
Tel: (410) 659-4417
Email: asimons@mcguirewoods.com

*Attorneys for Carvant Financial LLC*

cc:  All counsel of record.