McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Phone: 804.775.1000
Fax: 804.775.1061
www.mcguirewoods.com

Lucy Jewett Wheatley
Direct: 804.775.4320

**McGuireWoods**

lwheatley@mcguirewoods.com

September 23, 2022

**Filed via CM/ECF**

The Honorable Joan M. Azrack
United States District Judge
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Carvant Financial LLC v. Carvana, LLC* (No. 2:21-cv-05136-JMA-LGD)

Dear Judge Azrack:

      We write on behalf of Plaintiff Carvant Financial LLC ("Carvant") pursuant to Rule IV.B of Your Honor's Individual Rules, to request a pre-motion conference and/or a briefing schedule on a motion to dismiss in part the Second Counterclaim filed by Defendant Carvana, LLC ("Carvana") (Dkt. 32).  For the reasons set forth below, Carvana's Second Counterclaim should, at a minimum, be dismissed for failure to state claim to the extent Carvana seeks to cancel Carvant's registration of the CARVANT Mark for allegedly filing a fraudulent specimen of use and describing the CARVANT Mark without the word "Financial."  As the file wrapper for the CARVANT Mark attached to Carvana's Counterclaims demonstrates, the alleged omission of "Financial" from the original specimen of use was not material to the decision of the United States Patent and Trademark Office ("USPTO") to grant registration of the CARVANT Mark, as the USPTO *twice* maintained Carvant's registration based on specimens that ***did include*** the word "Financial."  There is therefore no material misrepresentation to the USPTO that can sustain Carvana's Second Counterclaim based on the alleged omission of "Financial," and Carvana's Second Counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6) to the extent it relies on such an alleged omission.

      Carvana's Second Counterclaim alleges that Carvant fraudulently procured the CARVANT Mark registration (U.S. Reg. No. 3,907,376) by, in relevant part, allegedly omitting from its specimen of use and the description of the mark the "Financial" tagline shown below:



However, Carvana fails to plausibly allege that the omission or alteration of the so-called "Carvant Financial Design Mark" was material to the USPTO's decision to register the

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

CARVANT Mark, which is required to state a claim for fraudulent procurement. *See Patsy's Italian Restaurant, Inc. v. Banas*, 658 F.3d 254, 270-71 (2d Cir. 2011) ("[A] party alleging that a registration was fraudulently obtained must prove . . . by clear and convincing evidence: 1. A false representation of a material fact . . . ."); *Khan v. Addy's BBQ LLC*, 419 F. Supp. 3d 538, 568 (E.D.N.Y. 2019) ("'The knowing misstatement must have been with respect to a material fact—one that would have affected the PTO's action on the applications.'" (quoting *Orient Express Trading Co., Ltd. v. Federated Dep't Stores, Inc.*, 842 F.2d 650, 653 (2d Cir. 1988)).

Specifically, Carvana ignores that the file wrapper for the CARVANT Mark attached to its Counterclaims shows that on January 29, 2016, Carvant submitted a Declaration of Use under Sections 8 and 15 of the Lanham Act to establish incontestability of the CARVANT Mark and then, on February 7, 2020, submitted a second Declaration of Use under Sections 8 and 9 to renew the CARVANT Mark registration, both of which relied on the following specimen of use that includes the allegedly omitted "Carvant Financial Design Mark" that Carvana claims would have prevented registration if disclosed to the USPTO:




*See* Ex. I to Counterclaims, Dkt. 32-9, at 32-37, 42-47. Yet, contrary to Carvana's conclusory allegations that the omission of "Financial" would have been material to registration of the CARVANT Mark, the USPTO not only accepted Carvant's January 2016 Declaration of Use to establish incontestability but also **renewed** Carvant's registration for the CARVANT Mark based on the above specimen that includes the "Financial" tagline, meaning the alleged intentional omission of "Financial" by Carvant was in fact, as the USPTO twice recognized, immaterial to the USPTO's decision to register the CARVANT Mark.

The USPTO's decision to maintain the registration for the CARVANT Mark based on specimens of use that included the allegedly omitted "Financial" tagline defeats Carvana's fraudulent procurement claim. Indeed, the Trademark Manual of Examining Procedure ("TMEP") in effect when Carvant first filed its application for the CARVANT Mark, as well as

the manuals in effect at the time of Carvant's 2016 and 2020 Declarations of Use, all required the USPTO to consider whether the post-registration specimens of use submitted by Carvant were materially different from the registered CARVANT Mark. *See* May 2010 TMEP § 1604.13 (explaining that "a material alteration of the mark [in the specimen of use] will result in refusal of the affidavit [or declaration] on the ground that the registered mark is no longer in use"); October 2015 TMEP § 1604.13 (same); October 2018 TMEP § 1604.13 (same).

All three TMEPs also explained that "[i]n determining whether a change constitutes a material alteration, the USPTO will ***always compare*** the mark in the specimen to the mark as originally registered." 2010 TMEP § 1604.13; October 2015 TMEP § 1604.13 (same); October 2018 TMEP § 1604.13 (same). Based on this comparison, "[i]f the mark, as used on the § 8 specimen, creates a separate impression apart from any other material on the specimen, then the specimen may be accepted as evidence of current use of the registered mark." *Id.*

Applying these standards, the USPTO twice considered Carvant's Section 8 specimens of use that included the "Carvant Financial Design Mark" and twice accepted those specimens as evidence of use of the registered CARVANT Mark. That the original specimen of use submitted by Carvant did not include the "Financial" tagline is therefore immaterial to the USPTO's decision to register the CARVANT Mark as a standalone mark, and Carvana's conclusory allegations of materiality (Counterclaims ¶¶ 63-64, 66, 68, 71, 90) are insufficient to overcome the USPTO's own determinations of the same issue. Carvana's allegations of Carvant's intent to deceive the USPTO are also inapposite, as intent to deceive based on an immaterial fact is not a basis to cancel a registration. *See Khan*, 419 F. Supp. 3d at 568.

Other courts have likewise found that a claimant's failure to show the materiality of the applicant's alleged misrepresentations or omissions defeats a fraudulent procurement claim at the motion to dismiss stage, and Carvana's failure to do so here is no different. *See, e.g.*, *Va. Indus. Plastics, Inc. v. Cabinet Saver LLC*, 2018 WL 6515146, at *2-3 (W.D. Va. Dec. 11, 2018) (dismissing claim based on alleged fraudulent first use date when allegations showed actual first use was still prior to application to register the mark); *Ritchie Eng'g Co. v. Delta T. Corp.*, 2012 WL 1150844, at *5 (D. Minn. Apr. 6, 2012) (dismissing claim of fraudulent maintenance of registration covering three classes of goods grounded in registrant's submission of single specimen for all classes, when alleged omission of certain classes of goods was "not material"); *see also Novozymes Bioag, Inc. v. Cleary Chem., LLC*, 2013 WL 4635993, at *1-3 (TTAB Aug. 16, 2013) (entering summary judgment in favor of registrant accused of having inaccurately represented that specimen was in use in commerce as of filing date of application based on near-identity of that specimen to specimen actually in use in commerce as of that date).

For at least these reasons, Carvant respectfully requests that the Court hold a pre-motion conference and/or set a briefing schedule for Carvant's motion to dismiss in part Carvana's Second Counterclaim under Rule 12(b)(6).

Respectfully submitted,

*/s/ Lucy Jewett Wheatley*
Lucy Jewett Wheatley (*pro hac vice*)
Matthew G. Rosendahl (*pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2017
Email: lwheatley@mcguirewoods.com
Email: mrosendahl@mcguirewoods.com

Adam T. Simons (N.Y. Bar No. 4980280)
MCGUIREWOODS LLP
500 East Pratt Street
Suite 1000
Baltimore, MD 21202-3169
Tel: (410) 659-4417
Email: asimons@mcguirewoods.com

*Attorneys for Carvant Financial LLC*

cc: All Counsel of Record